IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

SPARTANBURG DIVISION

| | |
|---|---|
| United States of America, ) | |
| ) | Criminal Action No. 7:90-cr-394-GRA |
| vs. ) | |
| ) | |
| Timothy Wayne Blalock, ) | **REPORT OF MAGISTRATE JUDGE** |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the court on the defendant's petition for the issuance of a writ of coram nobis (doc. 14). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned is authorized to make recommendations to the presiding district judge for the disposition of applications for post-trial relief made by an individual convicted of a criminal offense.

On April 29, 2014, the petition was referred to the undersigned by the Honorable G. Ross Anderson, Jr., Senior United States District Judge. Pursuant to a scheduling order, the defendant filed a memorandum in support of the petition on July 28, 2014 (doc. 69). On October 17, 2014, the government filed its response in opposition to the issuance of the writ, but also filed a motion for a reduction of the defendant's sentence pursuant to Rule 35, Fed. R. Crim. P. (doc. 72).[1] On November 18, 2014, the defendant filed his reply, renewing his request for relief via the writ and joining in the government's motion for a Rule 35 sentence reduction (doc. 76). In addition to these documents, the undersigned has reviewed letters of support from the defendant's wife, three daughters, and mother-in-law (doc. 69-1), as well as the presentence investigation report (doc. 73).

## BACKGROUND

The defendant was indicted by a federal grand jury in 1990 for federal drug and firearms violations. Counts One and Two of the indictment charged conspiracy to traffic marijuana and cocaine, respectively, in violation of 21 U.S.C. § 841. Counts Three

---

[1] The Rule 35 motion has not been referred to the undersigned and is properly reserved for consideration by Judge Anderson.

and Four each charged the possession of a firearm in relation to drug trafficking, in violation of 18 U.S.C. § 924(c). According to the subsequent pre-sentence investigation report prepared in 1991 (doc. 73), the defendant conspired with other family members to distribute approximately 4,300 pounds of marijuana and 100 pounds of cocaine from 1981 to 1990 (*id*. at 2). He also carried firearms in furtherance of the drug conspiracy, including on one occasion in June 1989 when he pointed a firearm at an undercover agent (*id.* at 3). After a trial in 1991, the defendant was convicted on all counts and sentenced to life imprisonment without the possibility of parole. Crediting time since his arrest in 1990, he has now served approximately 25 years of his sentence.

In his petition, the defendant notes that federal sentencing law has changed since he received his life sentence in 1991, as the mandatory application of the United States Sentencing Guidelines was struck down as unconstitutional in *United States v. Booker*, 543 U.S. 220 (2005). However, he does not petition here for relief as a matter of law. Instead, he argues that the court should reduce his sentence as a matter of equity pursuant to the writ of coram nobis, as it would be unfair to require the defendant to fully serve a life sentence given his particular circumstances. Specifically, he points to his good conduct while in prison and the positive influence he has had on his children while incarcerated as grounds for equitable relief.

## **ANALYSIS**

The Latin phrase "coram nobis" translates to "in our presence." Accordingly, the writ of coram nobis affords the sentencing court an opportunity to bring a prior case back before it, so as to correct an error or omission of vital fact in the record that has resulted in an injustice. The writ may issue when the error or omission of fact is not apparent in the record, is not attributable to the petitioner's negligence or fault, and which if known by the court would have prevented the rendition of the judgment. It does not lie for newly-discovered evidence or newly-arising facts or facts adjudicated at trial. Further, it is available only when no adequate legal remedy exists, such as a motion for a new trial, appeal, or other existing statutory proceeding. *See Neighbors v. Commonwealth*, 650

S.E.2d 514, 516-17 (Va. 2007) (citing *Dobie v. Commonwealth*, 198 Va. 762, 768-69 (1957)). In *U.S. v. Akinsade*, 686 F.3d 248 (4th Cir. 2012), the Fourth Circuit Court of Appeals, citing collected cases, described the writ as a remedy of last resort, limited to "extraordinary cases presenting circumstances compelling its use to achieve justice." A petitioner seeking this relief must show that "(1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character." *Id.* at 252 *(*citing *Hirabayashi v. United States*, 828 F.2d 591, 604 (9th Cir.1987)).

The petition falls short of the required showing for the issuance of the writ. While the defendant argues that his sentence was imposed pursuant to a mandatory guidelines scheme that has since been ruled unconstitutional, he fails to show that he has attacked the legality of his sentence on this basis by some other, "more usual" means, such as post-conviction relief pursuant to 28 U.S.C. §§ 2255 or 2241. Such a threshold showing, or a compelling explanation as to why such relief was not pursued, must be presented before the writ may issue. To allow otherwise would authorize the defendant to bypass established appellate and post-conviction legal avenues, where reviewing courts would have a meaningful opportunity to consider allegations of legal error. Even if he had shown that he had exhausted his legal remedies, the defendant would not be entitled to the issuance of the writ. In his petition, he has not demonstrated that his sentence of life imprisonment was the result of a fundamental error or would have been different had the sentencing procedure been different. As such, he has not established that he has suffered an adverse consequence as a result of his underlying proceedings.

In further support of his petition, the defendant describes his good conduct while in prison and the positive influence he has had on his family in spite of his incarceration. Though certainly commendable, these attributes cannot serve as grounds for issuance of a writ of coram nobis. The writ calls for reconsideration of a judgment or

sentence based on a vital fact that existed but was not presented at the original proceeding. Obviously the defendant's post-conviction conduct would not qualify for such consideration.

Accordingly, based on the foregoing, the petition for writ of coram nobis should be denied. As noted above, the government has incorporated within its response a Rule 35 motion for a reduction of sentence for unrewarded substantial assistance. This motion is not before the undersigned and is properly reserved for consideration by Judge Anderson.

IT IS SO RECOMMENDED.

Kevin F. McDonald
United States Magistrate Judge

December 2, 2014
Greenville, South Carolina