UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| United States of America, ) | Cr. No.: 7:90-cr-00394-GRA-2 |
| ) | |
| v. ) | |
| ) | |
| Timothy Wayne Blalock, ) | **ORDER** |
| ) | (Written Opinion) |
| Defendant. ) | |
| _____ ) | |

This matter comes before the Court on Government's Motion for Reduction of Sentence Pursuant to Rule 35, Federal Rules of Criminal Procedure. ECF No. 72. For the reasons stated herein, this Court GRANTS the Government's motion.

## **BACKGROUND**

On August 29, 1990, a Federal Grand Jury indicted the Defendant on four counts. ECF No. 12. The specifics of the Indictment are as follows: Count One, Conspiracy to Traffic Marijuana; Count Two, Conspiracy to Traffic Crack/Cocaine; Count Three, Firearm in Relation to Drug Trafficking Crime; Count Four, Firearm in Relation to Drug Trafficking Crime. ECF No. 73. On September 6, 1991, the Court sentenced the Defendant to a term of imprisonment of 480 months on Count One to be served concurrently with a sentence of life imprisonment on Count Two, followed by 60 months on Count Three and 240 months on Count Four, to be served consecutive to Counts One and Two. ECF No. 12. The Defendant initially filed a Motion for Writ of Coram Nobis on December 31, 2013. ECF No. 14. The Government then filed a Response in Opposition to Petition for Writ of Coram Nobis on October 17, 2014. ECF No. 72. The Government attached to its October 17, 2014 filing the Motion for Reduction of Sentence Pursuant to Rule 35, Federal Rules

Page 1 of 6

of Criminal Procedure at issue. *Id.* The Motion for Writ of Coram Nobis was referred to Magistrate Judge Kevin McDonald and a Report and Recommendation recommending the Motion be denied was filed on December 2, 2014. ECF No. 79. The Court entered an order adopting the Magistrate Judge's Report and Recommendation on February 9, 2015. ECF No. 84. The Court is now ready to rule on the Government's Rule 35 Motion for Reduction of Sentence.

## STANDARD OF REVIEW

The Government has moved pursuant to Federal Rule of Criminal Procedure 35(b) for a reduction of sentence for the Defendant. Fed. R. Crim. P. 35(b)(2) provides that:

> Upon the government's motion made more than one year after sentencing, the court may reduce a sentence if the defendant's substantial assistance involved: (A) information not known to the defendant until one year or more after sentencing; (B) information provided by the defendant to the government within one year of sentencing, but which did not become useful to the government until more than one year after sentencing; or (C) information the usefulness of which could not reasonably have been anticipated by the defendant until more than one year after sentencing and which was promptly provided to the government after its usefulness was reasonably apparent to the defendant.

Fed. R. Crim. P. 35(b)(4) also provides that "[w]hen acting under Rule 35(b), the court may reduce the sentence to a level below the minimum sentence established by statute."

In determining "whether to grant a Rule 35(b) motion, a district court may not consider any factor other than the defendant's substantial assistance to the government." *United States v. Clawson*, 650 F.3d 530, 537 (4th Cir. 2011). However, "the district court can consider other sentencing factors, besides the

defendant's substantial assistance, when deciding the extent of a reduction to the defendant's sentence after granting a Rule 35(b) motion." *United States v. Davis*, 679 F.3d 190, 195-96 (4th Cir. 2012).

## DISCUSSION

### I. Substantial Assistance

The Government "submit[s] that the assistance rendered by Blalock was substantial," and the Court agrees. ECF No. 72 at 9. The Defendant's substantial assistance stems from his "cooperat[ion] in an investigation by the FBI involving the smuggling of contraband into the federal penitentiary in Atlanta (USP ATL)." *Id.* at 10. The investigation was into allegations that a prison employee was smuggling in "cell phones and creatine" and "alert[ing] inmates when a cell inspection was coming and would hide inmates' contraband in his office while searches were being conducted." *Id.* at 11. The Defendant was one of "[s]everal inmates" interviewed regarding the prison employee but was one of only two that cooperated. *Id.* The prison employee eventually pled guilty. *Id.* The investigation, however, did not end with the prison employee. The Captain of Guards, the third highest ranking official at the prison, was eventually convicted in federal court of obstruction of justice and sentenced to 18 months in prison for informing the prison employee that agents would be coming. *Id.* The Court is convinced that the Defendant's cooperation in this investigation "was an integral part of the roadmap that directed the FBI to its destination of rooting out corruption in a federal penitentiary" and therefore amounts to substantial assistance warranting a reduction of sentence. *Id.* at 13.

**II. Extent of Reduction**

The suggested reduction by the Government is as follows:

Count One:        120 Months Imprisonment.

Count Two:        156 Months Imprisonment Concurrent with Count One.

Count Three:      60 Months Imprisonment Consecutive to Counts One and Two.

Count Four:       60 Months Imprisonment Consecutive to Counts One, Two and Three.[1]

The Government further suggests that the Defendant "serve a term of Supervised Release of 10 years and that a condition of Supervised Release be that he serve 12 months in home confinement with electronic monitoring." *Id.* at 16.

Of particular importance in this case is the setting in which the Defendant cooperated. According to the Government, "[b]uilding a case against powerful figures can be difficult with informants who are needed to testify often being reluctant to cooperate. This reluctance to cooperate is greatly magnified in the prison setting where inmates' lives are totally controlled by those that they may be called upon to testify against." *Id.* at 13-14. It is important to note here that the Defendant was willing to risk cooperating against a prison employee with the understanding that he would continue to spend the rest of his life under the control of prison employees. Just how unique it was for the Defendant to be willing to take this risk is demonstrated by the fact that he was one of only two inmates out of the several that were interviewed that was willing to testify. *Id.* at 11. Further, Defendant has since been

---

[1] The sentences on Counts 1, 2, and 4 would be below mandatory minimums, which is authorized by Fed. R. Crim. P. 35(b)(4).

"branded an informant" by fellow prisoners as a result of his cooperation and is now "constantly fighting to protect himself from assaults by other inmates." *Id.* at 10. Based on the foregoing, the Court is persuaded that the Defendant should receive the departure recommended by the Government.

## **CONCLUSION**

After a thorough review of the filings, record, and recommendation from the Government in this case, this Court finds that the Defendant provided substantial assistance and a reduction in his sentence pursuant to Rule 35 is warranted.

**IT IS THEREFORE ORDERED** that the Government's Motion for Reduction of Sentence Pursuant to Rule 35, Federal Rules of Criminal Procedure is GRANTED. An Amended Judgment shall issue reducing defendant's sentence to a term of 120 Months Imprisonment for Count One, 156 Months Imprisonment Concurrent with Count One for Count Two, 60 Months Imprisonment Consecutive to Counts One and Two for Count Three, and 60 Months Imprisonment Consecutive to Counts One, Two and Three for Count Four for a total sentence of incarceration of 276 Months.[2] The Defendant shall serve a term of Supervised Release of 10 years as to each count, to be served consecutively, and as a condition of Supervised Release the Defendant must serve 12 Months in home confinement with electronic monitoring. This Court is to retain jurisdiction of this case.

**IT IS SO ORDERED.**

*G. Ross Anderson, Jr.*
Senior United States District Judge

February 11, 2015
Anderson, South Carolina

---

[2] It is the intent of the Court that this amount to a time-served sentence of imprisonment.

## NOTICE OF RIGHT TO APPEAL DECISION

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Defendant has the right to appeal this Order within **fourteen (14)** days from the date of its entry. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal.**